**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.: _____**

| | |
|---|---|
| Marguerite Doucett,<br><br>       Plaintiff,<br>v.<br><br>Zwicker & Associates, P.C.,<br>Destiny Rodriguez<br>and Jeremy Wardman,<br><br>       Defendants. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff Marguerite Doucett is a natural person who resides in the City of New Prague, County of Scott, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Zwicker & Associates, P.C., (hereinafter "Z&A") is a collection agency and a law firm operating from an address of 80 Minutemen Road, Andover, MA 01810, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Destiny Rodriguez (hereinafter "Rodriguez") is a natural person who was employed at all times relevant herein by Defendant Z&A as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant Jeremy Wardman (hereinafter "Wardman") is a natural person who was employed at all times relevant herein by Defendant Z&A as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. On or before 2009, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card debt with Bank of America, in the approximate amount of $9,430.00.

9. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendants for collection from these Plaintiffs.

### *January 12, 2010 Collection Call*

10. On or about January 12, 2010, at approximately 7:15 p.m. Plaintiff returned a call from a message left for her by Defendant Z&A and spoke with Defendant Destiny Rodriguez, at 800-370-2251 ext 5810.

11. During the course of this call, both individual Defendants repeatedly demanded payment of this debt and therefore it was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

12. Defendant Rodriguez told Plaintiff that she was from a law firm that had been retained to sue Plaintiff for this Bank of America debt.

13. Defendant Rodriguez was identified as Plaintiff's "case manager" and told Plaintiff that she was going to be sued and asked Plaintiff what a good address was to have her served.

14. Defendant Rodriguez told Plaintiff that she needed to make arrangements to pay this account or the attorneys in her office would move forward on it and Plaintiff would have to go to court.

15. After some conversation and holding on the phone line for a time, a person whom identified himself as a floor supervisor, Defendant Jeremy Wardman,

got onto the call with Plaintiff and told her that he was on a recorded line and that he was not an attorney.

16. Defendant Wardman reminded Plaintiff that his law firm had been hired in regard to a "breach of contract" with Bank of America.

17. Defendant Wardman told her that his law firm had been hired by Bank of America and wanted to see whether or not they could work something out prior to initiating litigation against Plaintiff for this debt.

18. Defendant Wardman then demanded payment on this account and made various offers to allow Plaintiff to settle it.

19. Defendant Wardman told Plaintiff that it was a good idea to pay a credit card with a credit card in order to avoid litigation by Defendants.

20. Defendant Wardman also said he would talk to his boss to get approval of another payment arrangement with Defendants on this debt.

21. Thereafter, Defendant Wardman got back onto the phone line and told her that Plaintiff could pay $200 for six months.

22. After that, the call switched back to Defendant Rodriguez who got back on the line and obtained Plaintiff's checking account information and confirmed dates of payment, before another employee got onto the telephone line and re-verified the information.

...

23. Finally, Plaintiff spoke again with Defendant Rodriguez and discussed her remaining balance after she had made these six payments.

24. Defendant Rodriguez advised Plaintiff to file a complaint with the attorney general regarding her debt settlement company in an effort to get her money back from them.

25. Thereafter, the collection call ended.

26. Defendants had neither the right nor the present ability to sue Plaintiff for this debt at the time they made these threats of litigation and suit.

27. Plaintiff genuinely believed that Defendants would sue her to collect this debt and feared being taken to court by the Defendants.

28. Defendants are not licensed as attorneys in the state of Minnesota and their false threats of lawsuit constituted the unauthorized practice of law within this state, which were also threats to take a legal action that they did not intend to take and were not authorized to take in violation of the FDCPA.

29. Defendants are collecting on the debts of another and are not exempt from licensure requirements under Minnesota collection law, and therefore their collection activity involving repeated threats to sue Plaintiff constituted false threats to take an action that Defendants were not legally entitled to take in violation of the FDCPA and Minnesota consumer protection laws.

30. Defendants' threats of litigation and suit were false, deceptive, and harassing and designed to scare Plaintiff into paying this debt.

31. These communications from Defendants on this occasion were also independently false, deceptive, harassing and illegal communications in an attempt to collect this debt all done in violation of numerous and multiple violations of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(3), 1692e(4), 1692e(5), 1692e(10), 1692e(11), and 1692f, amongst others.

### *Unauthorized Practice of Law*

32. Minn. Stat. § 481.02 states in pertinent part:

> **481.02 UNAUTHORIZED PRACTICE OF LAW.**
>
> Subdivision 1. Prohibitions. **It shall be unlawful for any person or association of persons, except members of the bar of Minnesota admitted and licensed to practice as attorneys at law,** to appear as attorney or counselor at law in any action or proceeding in any court in this state to maintain, conduct, or defend the same, except personally as a party thereto in other than a representative capacity, or, **by word, sign, letter, or advertisement, to hold out as competent or qualified to give legal advice or counsel**, or to prepare legal documents, or as being engaged in advising or counseling in law or acting as attorney or counselor at law, or in furnishing to others the services of a lawyer or lawyers, or, for a fee or any consideration, to give legal advice or counsel, perform for or furnish to another legal services, or, for or without a fee or any consideration, to prepare, directly or through another, for another person, firm, or corporation, any will or testamentary disposition or instrument of trust serving purposes similar to those of a will, or, for a fee or any consideration, to prepare for

        another person, firm, or corporation, any other legal document, except as provided in subdivision 3.

33. The original creditor of this debt, Bank of America, is a foreign corporation that must be represented in civil actions by a licensed Minnesota attorney.

34. The threat to commence litigation against a Minnesota resident in Minnesota on behalf of a foreign corporation is the practice of law and can only be done by licensed Minnesota attorneys.

35. None of the Defendants are attorneys licensed to practice law in Minnesota.

36. By threatening to bring suit against Plaintiff on behalf of their corporate client, Defendants have therefore engaged in the unauthorized practice of law with respect to Plaintiff in violation of Minn. Stat. § 481.02, Subd. 1 and are therefore liable for Plaintiff's actual damages, attorney's fees, and costs.

37. It was a false and deceptive practice by Defendants to state, suggest or imply that they were in fact authorized to practice law within this State when they were not.

38. Defendants' unauthorized practice of law in Minnesota was also a false and deceptive practice in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(3), 1692e(4), 1692e(5), 1692e(10), 1692f and 1692f(1), amongst others.

## *Respondeat Superior Liability*

39. The acts and omissions of these individual Defendants, and the other debt collectors employed as agents by Defendant Z&A who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Z&A.

40. The acts and omissions by these individual Defendants and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Z&A in collecting consumer debts.

41. By committing these acts and omissions against Plaintiff, these individual Defendants and these other debt collectors were motivated to benefit their principal, Defendant Z&A.

42. Defendant Z&A is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

## **TRIAL BY JURY**

43. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

46. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

### COUNT II.

### UNAUTHORIZED PRACTICE OF LAW

### MINN. STAT. § 481.02

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. Defendants' foregoing acts as described herein in attempting to collect these alleged debts by threatening to commence suit against her on behalf of its corporate client was the unauthorized practice of law in Minnesota.

49. Plaintiff is therefore entitled to declaratory relief pursuant to Minn. Stat. § 481.02 subd. 8, and § 8.31 subdivisions 3 and 3a, declaring Defendants' actions as described herein to be the unauthorized practice of law in violation of Minn. Stat. § 481.02.

50. Plaintiff is entitled to injunctive relief pursuant to Minn. Stat. § 481.02 subd. 8, and § 8.31 subdivisions 3 and 3a, enjoining Defendants from engaging in the unauthorized practice of law in violation of Minn. Stat. § 481.02.

51. Plaintiff is entitled to Plaintiff's attorney's fees, costs of investigation, and costs pursuant to Minn. Stat. § 481.02 subd. 8, and § 8.31 subdivisions 3 and 3a.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692 et seq.**

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff;

## COUNT II.

## UNAUTHORIZED PRACTICE OF LAW

## MINN. STAT. § 481.02

- Declaring Defendants' actions as described herein to be the unauthorized practice of law in violation of Minn. Stat. § 481.02;

- Enjoining Defendants from engaging in the unauthorized practice of law in violation of Minn. Stat. § 481.02;

- Awarding Plaintiff attorney's fees, costs of investigation, and costs pursuant to Minn. Stat. § 481.02 subd. 8, and § 8.31 subdivisions 3 and 3a;

- and, for such other and further relief as may be just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: February 20, 2010 | **BARRY & SLADE, LLC** |
|  | By:  **s/Peter F. Barry**<br>Peter F. Barry, Esq.<br>Attorney I.D.#0266577<br>2021 East Hennepin Avenue, Suite 195<br>Minneapolis, Minnesota 55413-1773<br>Telephone:  (612) 379-8800<br>Facsimile: (612) 379-8810<br>pbarry@lawpoint.com |
| pfb/ra | **Attorney for Plaintiff** |